No. 26,442.

GEORGE HOLLOWAY, Receiver, *Appellee*, v. PAUL GANO, *Appellant*.

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Consideration—Alteration—Sufficiency of Evidence on Demurrer.* In an action to recover on a promissory note, the evidence to support the pleaded defenses, (*a*) material alteration, and (*b*) no consideration, examined, and held sufficient against plaintiff's demurrer thereto.

2. SAME—*Execution for Illegal Purpose—Effect of Alteration.* Assuming that a promissory note was executed to a bank by one of its two makers to help the bank president to deceive the bank commissioner as to the true state of the bank's finances, such a note may nevertheless be uncollectible by such a material alteration as the erasure of the name of one of the makers without the consent of the other maker.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed February 6, 1926. Reversed.

*Eustace Smith,* of Hutchinson, and *F. S. Macy,* of Bartlesville, Okla., for the appellant.

*E. T. Foote, C. M. Williams* and *D. C. Martindell,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a promissory note. Plaintiff is the receiver of the bank which was the payee of the note. The gist of the pleaded defenses was that there had been a material alteration in the note since it was signed by defendant and that there was no consideration for the note. For reply the plaintiff alleged that the note had been executed by the defendant to help the derelict president of the bank to deceive the bank commissioner touching a certain excess loan held by the bank against defendant's brother-in-law.

At the trial, defendant assumed the burden of establishing his defenses, and at the conclusion of the evidence submitted in his behalf plaintiff's demurrer thereto was sustained, the jury discharged, and judgment entered for plaintiff. Hence this appeal.

Considered in its most favorable aspects, as all evidence must be when its sufficiency is challenged by demurrer, it seems that the defenses pleaded were fairly well established. Defendant and his

brother-in-law, F. P. Rust, both testified that Rust as well as defendant had signed the note sued on, and when it was exhibited in the pleadings the signature of Rust was wanting and the street address of defendant Gano appeared in its stead.  There was no showing that defendant had consented to such alteration, and certainly the alteration was a material one which would defeat the note.  There was also testimony tending to show that there was no consideration moving to defendant for the note, nor for any earlier note for which the one sued on was a renewal; and that the note was given as a mere accommodation to the bank and to Rust.  In the hands of the original holder, or one standing in no better situation—and the plaintiff receiver is in that category—such a defense would defeat the note.  There was, indeed, some evidence elicited in cross-examination of defendant's witnesses that the note in question, or some earlier note for which it was given as renewal, was executed by defendant in a conspiracy with the bank's president—who has since been sent to the penitentiary—to falsify the condition of the bank's finances.  But that matter could not be considered of sufficient potency to take the case from the jury on a demurrer to plaintiff's evidence, nor would it breathe renewed validity into a note which had been vitiated by a material alteration.  A suggestion is made that this action is not brought to recover on the note in controversy, but upon the indebtedness which lies back of it.  That is a clever point, but it will not stand careful consideration.  Without this note, or without some instrument in writing signed by defendant, he could not be made to answer for any debt of his brother-in-law.

Reversed.